**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BRYANT MOORE | * | |
| **Plaintiff(s)** | | |
| | * | **Case No.: 8:11-cv-03644 (RWT)** |
| vs. | | |
| | * | |
| LIGHTSTORM ENTERTAINMENT; | | |
| JAMES CAMERON; AND | * | |
| TWENTIETH CENTURY FOX | | |
| FILM CORPORATION | * | |
| **Defendant(s)** | | |

\*\*\*\*\*\*

# DEFENDANTS' SECOND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT IN ITS ENTIRETY UNDER F.R.C.P. 12(b)(6)

**I.   INTRODUCTION**

Pursuant to Federal Rules of Evidence 201(b) and (d), Defendants James Cameron, Lightstorm Entertainment, Inc., and Twentieth Century Fox Film Corporation respectfully request this Court to take judicial notice of the DVD of Defendants' motion picture "Avatar," which is attached as Exhibit A to the Declaration of J. Matthew Williams (Docket No. 24-1), which accompanied a Notice of Manual Filing (Docket No. 25), and which was filed in support of Defendants first Request For Judicial Notice (Docket No. 24) and Defendants' Motion to Dismiss the First Amended Complaint (Docket No. 23) under Federal Rule 12(b)(6).  Defendants also respectfully request this Court to take judicial notice of the true and correct copy of the U.S. Copyright Office deposit copy of Plaintiff's registered word, "Pollination Art," which is attached

as Exhibit A to the Second Declaration of J. Matthew Williams, which is being filed concurrently herewith.

## II. DEFENDANTS' REQUEST SHOULD BE GRANTED BECAUSE, IN COPYRIGHT CASES, JUDICIAL NOTICE IS PROPERLY TAKEN OF WORKS WHOSE CONTENTS ARE ALLEGED IN THE COMPLAINT.

Federal Rule of Evidence 201(b) provides that facts are subject to judicial notice when they are "not subject to reasonable dispute in that [they are] ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Federal Rule of Evidence 201(d) states that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information."

On a motion to dismiss, a court may take judicial notice of documents outside the pleadings when the documents are referenced in the complaint.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("We may consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."); *Tessler v. NBC Universal Inc.*, No. 2:08cv234, 2009 WL 866834, ** 3-4 (E.D. Va. Mar. 31, 2009) (in copyright case:  "materials submitted with Defendant's Motion to Dismiss are appropriately considered because they are incorporated by reference, integral to Plaintiff's complaint, and authentic").

In copyright cases, courts routinely take judicial notice of allegedly infringed and infringing works when evaluating substantial similarity on a motion to dismiss, because works alleged in the complaint are deemed incorporated by reference and treated as a part of the pleading. *See, e.g.*, *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 788 (S.D. Tex. 2009), *aff'd*, 381 Fed. Appx. 449 (5th Cir. 2010) (unpublished); *Zella v. The E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1139 (C.D. Cal. 2007). Courts will also "take judicial notice of generic elements of creative works" such as stereotypical character types, formats, and other stock elements. *Zella*, 529, F. Supp. 2d at 1129.

Here, because Plaintiff has alleged the contents of "Avatar" and "Pollination Art" in his Second Amended Complaint, judicial notice is warranted. The copies of the works submitted are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

**II.     CONCLUSION**

For the reasons discussed above, Defendants respectfully ask the Court to take judicial notice of the "Avatar" DVD and the deposit copy of "Pollination Art."

DATE: September 12, 2012

Respectfully submitted:

_____/s/_____
Gregory O. Olaniran (bar no. 23819)
J. Matthew Williams (*pro hac vice*)
Mitchell Silberberg & Knupp LLP
1818 N Street NW, 8th Floor
Washington, DC 20036
Email: goo@msk.com, mxw@msk.com
Phone: 202-355-7900
Fax: 202-355-7899

Robert H. Rotstein (*pro hac vice*)
Mitchell Silberberg & Knupp LLP
11377 West Olympic Blvd.
Los Angeles, CA 90064
Email: rxr@msk.com
Phone: 310-312-2000
Fax:  310-312-3100