IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYANT MOORE | \* | |
| **Plaintiff(s)** | \* | |
| vs. | \* | **Case No.: 8:11-cv-03644 (RWT)** |
| LIGHTSTORM ENTERTAINMENT; JAMES CAMERON; AND TWENTIETH CENTURY FOX FILM CORPORATION | \* | |
| | \* | |
| **Defendant(s)** | \* | |
| | \* | |

\*\*\*\*\*\*

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL**

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO**

**DEFENDANTS' MOTION TO DISMISS**

Defendants, James Cameron ("Cameron"), Lightstorm Entertainment, and Twentieth Century Fox Film Corporation, oppose Plaintiff's Supplemental Memorandum of Points and Authorities In Opposition to Defendants' Motion To Dismiss ("Surreply") because it is procedurally improper and substantively irrelevant. Accordingly, the Court should reject the Surreply.

I.     **The Surreply Is Procedurally Improper.**

On New Year's Eve, Plaintiff's counsel requested that Defendants' counsel consent to the filing of a surreply memorandum in response to Defendants' reply memorandum. Defendants' counsel informed Plaintiff that Defendants would not consent to such a filing. Nevertheless, that same day, Plaintiff filed the Surreply (with no mention of Defendants' opposition).

The Surreply is improper because Plaintiff failed to seek the Court's permission to file as is required by Local Rule 105.2 and III(C)(17) of the Electronic Filing Requirements and Procedures For Civil Cases. "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 Fed. Appx. 960 (4th Cir. 2004). Here, however, the Surreply does not even purport to address the content of Defendants' reply memorandum. Instead, Plaintiff seeks to introduce evidence submitted in support of a summary judgment motion filed by Defendants in an entirely separate California case in which another misguided plaintiff claims that he conceived of the idea for Defendants' motion picture *Avatar* – just as Plaintiff Moore wrongly claims here.

II.    **The Scriptment Is Substantively Irrelevant.**

In the Surreply, Plaintiff fixates, as he did in his opposition memorandum, on irrelevant facts related to whether or not James Cameron wrote an early version of *Avatar* (*i.e.*, the Scriptment) before Plaintiff purportedly wrote one of the works he claims rights in (*i.e.*,

*Aquatica*).  As Defendants explained in their motion and their reply memorandum, Defendants move to dismiss Plaintiff's claims based on the lack of substantial similarity between *Avatar*, the movie, and Plaintiff's alleged works, <u>not based on Defendants' prior creation of *Avatar*</u>.

Moreover, Plaintiff's accusation that Defendants misrepresented the date of creation of the Scriptment in an earlier motion to dismiss is incorrect.  Plaintiff states that Defendants represented in the earlier motion to dismiss that the Scriptment was completed before Plaintiff allegedly <u>wrote</u> *Aquatica*.  Plaintiff is wrong.  In the earlier motion to dismiss, Defendants clearly informed the Court that Defendants intend to prove, if necessary at a later phase of the proceeding, that Cameron wrote the Scriptment before Plaintiff <u>submitted</u> *Aquatica* to Defendants.  *See* Docket No. 23-1 at 7-8, n. 5.  Defendants' position is, and always has been, that the Scriptment was written before Plaintiff submitted his works to Defendants.  The filing of Cameron's declaration in the unrelated California case does not change anything.

In sum, the Surreply identifies a red herring.  It adds nothing that would aid the Court in ruling on the pending motion to dismiss.[1]  Defendants respectfully ask the Court to disregard the Surreply memorandum and to grant Defendants' motion to dismiss.

Respectfully submitted:  DATE:  January 4, 2012

____/s/_____
Gregory O. Olaniran (Bar No. 23819)
J. Matthew Williams (*pro hac vice*)
Mitchell Silberberg & Knupp LLP
1818 N Street NW, 8th Floor
Washington, DC 20036
Email: goo@msk.com, mxw@msk.com
Phone:  202-355-7900
Fax:  202-355-7899

Robert H. Rotstein (*pro hac vice*)
Mitchell Silberberg & Knupp LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064
Email: rxr@msk.com
Phone:  310-312-2000
Fax:  310-312-3100

---

[1] Plaintiff claims, as he did in his opposition memorandum, that the Court needs to compare the Scriptment to *Aquatica*.  This is nonsense.  Plaintiff has never claimed that the Scriptment contains any purported similarities to *Aquatica* that are not in the *Avatar* film, which is in the record.  There is no need for the Court to separately compare the Scriptment to Plaintiff's works.