### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| BRYANT MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Case No. 8:11-cv-03644 (RWT) |
| | ) |
| LIGHTSTORM ENTERTAINMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO QUASH DEFENDANTS' SUBPOENA OF FRANK SIMEONE

COMES NOW Plaintiff, Bryant Moore, by and through the undersigned counsel, and respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 45(c)(3), to quash the subpoena issued by Defendants to compel the testimony of Plaintiff's expert, Frank Simeone ("Simeone"), by deposition on Tuesday, September 3, 2013. In support thereof, Plaintiff relies upon the accompanying statement of points and authorities, which establishes that scheduling conflicts, including a recent discovery ruling, preclude the enforcement of the subject subpoena. As such, Plaintiff states as follows:

1. On August 13, 2013, Mr. Simeone provided an expert opinion in support of Plaintiff's copyright infringement claims against Defendants.

2. On August 23, 2013, electronic copies of Defendants' three (3) rebuttal expert reports were transmitted to Plaintiff.

3. Shortly thereafter, Defendants' counsel proffered suggested dates for the depositions of Defendants' experts in New York City and Plaintiff's experts in San Francisco. In addition, Defendants' counsel proposed that the balance of the remaining

1

witness depositions take place in Los Angeles, and that all of this activity occur by not later than September 6, 2013.[1]

4.      Defendants' counsel indicated that he intended to take the deposition of Plaintiff's expert, Mr. Simeone, on September 3, 2013.  Plaintiff's counsel responded that he was unavailable on that date given scheduling conflicts in other cases, in addition to having an opposition to a motion for summary judgment due in a pending matter before the United States District Court for the District of Columbia.

5.      Notwithstanding Plaintiff's sole counsel's unavailability, on August 26, 2013, Defendants served Mr. Simeone with the subject subpoena and deposition notice, ordering Mr. Simeone to attend his deposition in San Francisco on September 3, 2013. Notably, from a logistical perspective, each one of the more than twelve (12) depositions that have been taken in this case have been scheduled subject to Defendants' counsels' availability.[2]

6.      Plaintiff's counsel cannot be reasonably expected to overcome the impossible task of being in two (2) places at the same time, despite Defendants' apparent insistence otherwise, nor can Plaintiff's counsel further delay the previously scheduled professional obligations that he owes to other cases.  Defendants' would have Plaintiff's sole counsel ignore his conflicting, previously scheduled responsibilities in other cases, fly from D.C. to San Francisco for Mr. Simeone's deposition on September 3, 2013,

---

[1] Currently, the discovery period in this case is set to close on September 6, 2013, but due to a series discovery disputes and other discovery-related issues, Plaintiff filed a motion to modify the scheduling order to extend the discovery period on August 27, 2013.

[2] In this same connection, Plaintiff made significant efforts to notice the deposition of Defendant Cameron around the near constant 'unavailability' caused by his demanding schedule.

return to D.C. for depositions in another case on September 4 and 5, 2013, and then fly to Los Angeles to take all of the remaining witness depositions on September 6, 2013.

7. Further, on August 27, 2013, the Honorable Jillyn K. Schulze, U.S. Magistrate Judge, heard arguments regarding a discovery dispute between the Parties relating to a series of unredacted notes recently delivered to Plaintiff. The Court granted Plaintiff until September 4, 2013, to have his experts further review and rebut Defendants' expert reports, relative to the need for Plaintiff's assistance in assessing said notes. As such, Mr. Simeone cannot reasonably be expected to review and address these extensive unredacted notes,[3] rebut Defendants' three (3) expert reports,[4] and prepare for and attend his deposition within the given timeframe.[5]

8. Federal Rule of Civil Procedure 45(c) directs the party or attorney issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Under these circumstances, the subpoena at issue subjects both Mr. Simeone and Plaintiff's sole counsel to undue hardship and insurmountable, unreasonable burdens. As such, this Court should quash the subject subpoena.

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's motion to quash Defendants' subpoena of Frank Simeone.

**Dated:** August 29, 2013

---

[3] Plaintiff's recently received over forty (40) pages of Defendant Cameron's personal notes on the development of *Avatar* in unredacted form. Notably, there were well over fifty (50) redactions within those forty-plus (40+) pages of notes, and the redactions ranged from obscuring short phrases to entire pages of single-spaced text.

[4] Defendants' expert reports are quite lengthy, totaling well over three hundred (300) pages in length, including attachments.

[5] Also, to the extent feasible, Plaintiff's experts will likely be enjoying their respective families over the Labor Day holiday, as will be most other Americans.

                                                    Respectfully submitted,

                                            _____/s/_____
                                            Donald M. Temple [#408749]
                                            1101 15th Street, N.W., Suite 910
                                            Washington, D.C. 20005
                                            (202) 628-1101  Telephone
                                            (202) 628-1149  Facsimile
                                            dtemplelaw@gmail.com
                                            *Attorney for Plaintiff Moore*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| BRYANT MOORE,  )<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>LIGHTSTORM ENTERTAINMENT, *et al.*,  )<br>)<br>Defendants.  )<br>_____)  | Case No. 8:11-cv-03644 (RWT) |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion to Quash Defendants' Subpoena of Frank Simeone, its statement of points and authorities in support thereof and the record herein, it is this ___day of _____, 2013, hereby ORDERED, that the immediate Motion is GRANTED.

_____
Judge

Copies to:

Donald M. Temple
1101 15th Street, N.W., Suite 910
Washington, D.C. 20005

J. Matthew Williams
Gregory O. Olaniran
Mitchell Silberberg, and Knupp, LLP
1818 N St., N.W., 8th Floor
Washington, D.C. 20036

Robert H. Rotstein
Mitchell Silberberg, and Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064