IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYANT MOORE | * | |
|    **Plaintiff(s)** | | |
| | * | Case No.: 8:11-cv-03644 (RWT) (JKS) |
| vs. | | |
| | * | |
| LIGHTSTORM ENTERTAINMENT; | | |
| JAMES CAMERON; AND | * | |
| TWENTIETH CENTURY | | |
| FOX FILM CORPORATION | * | |
|    **Defendant(s)** | | |

\*\*\*\*\*\*

# DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO THE AUGUST 27, 2013 RULING OF MAGISTRATE JUDGE SCHULZE

## I.  INTRODUCTION

Defendants James Cameron, Lightstorm Entertainment, Inc. ("Lightstorm"), and Twentieth Century Fox Film Corporation respectfully submit this Memorandum in response to Plaintiff's "Objection to Magistrate Jillyn Schulze's August 27, 2013 Ruling" (ECF Docket No. 111, the "Objection").  Plaintiff's underlying letter to Judge Schulze took issue with Defendants' designation of certain writing notes of James Cameron's as "Restricted Confidential" under the Confidentiality Order, ECF Docket No. 83.  Judge Schulze denied Plaintiff's request to lower that designation because the notes contain valuable trade secrets the disclosure of which would harm Defendants significantly.  In his Objection, Plaintiff has not met his burden to demonstrate that Magistrate Judge Schulze's non-dispositive ruling regarding Defendants' confidentiality designation "is clearly erroneous or contrary to law." *See Intn'l Ass'n of Machinist v. Werner-Masuda*, 390 F. Supp. 2d 479, 485-86 (D. Md. 2005) (holding that a Magistrate Judge's findings

need only be "reasonable and supported by the evidence"). Instead, Plaintiff applies the wrong legal standard and attempts to argue the issue *de novo*. But even on a *de novo* basis, Plaintiff's argument fails.

As discussed further below, there is absolutely no basis on which to set aside the ruling of Magistrate Judge Schulze and the Court should uphold it.

## II.   ARGUMENT

Under Federal Rule of Civil Procedure 72(a), "[a] district judge may modify or set aside any portion of a magistrate judge's non-dispositive ruling 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Werner-Masuda*, 390 F. Supp. 2d at 485-86, *quoting* 28 U.S.C. § 636[(b)](1)(A). "Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or only conclusion that can be drawn from the evidence. Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge." *Tri-Star Airlines, Inc. v. Willis Careen Corp.*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999). "It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002). Indeed, a court should uphold a magistrate judge's findings as long as they are "reasonable and supported by the evidence." *Tri-Star Airlines*, 75 F. Supp. 2d at 839.

During discovery Defendants produced, in redacted form, James Cameron's writing notes for *Avatar*. Defendants designated these redacted documents "Confidential" under the Confidentiality Order. Even though Defendants informed Plaintiff – in a redaction log, in multiple emails, and during conversations between counsel – that the redacted material pertained to highly secret story concepts that Cameron may use in *Avatar* sequels, but did not use in *Avatar*, Plaintiff objected to the redactions. He insisted that he could not properly depose

Cameron without his counsel seeing the unredacted documents. In response, Defendants agreed to produce the unredacted documents, but designated them "Restricted Confidential" in order to limit their disclosure to Plaintiff's attorney, experts, and consultants.

Plaintiff then asked the court to order Defendants to lower the Restricted Confidential designation.[1] The matter proceeded before Magistrate Judge Schulze, who ruled that Defendants had established that disclosure of the highly confidential documents would harm Defendants because, *inter alia*, Plaintiff considers himself to be Cameron's competitor. Exposure of the story concepts to a competing screenwriter, movie studio, or production company could lead to the creation and release of a copycat project that would harm the value of the *Avatar* franchise. The Magistrate Judge's ruling was well founded.

First, the ruling is supported by the Declaration of Jon Landau (Lightstorm's COO and a producer on *Avatar*), who described in detail the lengths that Defendants go to in order to protect these secrets and the harm that would result from disclosure thereof. Clearly, premature disclosure of secrets regarding the content of highly anticipated motion pictures would, among other things, harm Defendants' ability to exploit and market those motion pictures. This is just common sense. Plaintiff's unfounded contention otherwise has no basis in law or fact.[2]

---

[1] Although Paragraph 4 of the Confidentiality Order states that "[a] designation of confidentiality may be challenged *upon motion*," Plaintiff raised the issue with Magistrate Judge Schulze via a letter rather than a formal motion. As Exhibits to the Declaration of J. Matthew Williams, filed concurrently with this Response, Defendants have submitted the letters that Plaintiff and Defendants sent to Magistrate Judge Schulze, as well as the Declaration of Jon Landau filed with Judge Schulze. With his Objection, Plaintiff submitted three exhibits. However, Exhibit "1B," which does not contain Cameron's writing notes, is not one of the documents at issue.

[2] Plaintiff's argument that the law requires Defendants to state separately for every redaction contained in the Confidential versions of the documents the reason for that redaction is also unreasonable and divorced from any legal rule. Defendants informed Plaintiff that they made all of the redactions in the documents at issue *for the same reason*. So providing a log that individually listed every redaction and stated that the redacted material may be used in sequels to *Avatar* would have been redundant. Instead, Defendants' log provided the Bates number for the

Second, the ruling is supported by the case law, which consistently holds that documents like those at issue may be protected under a confidentiality order such that a party's counsel, experts and consultants may view the documents but the party himself may not. *See, e.g.*, *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007) ("Courts commonly issue protective orders limiting access to sensitive information to counsel and their experts."); *Vesta Corset Co. Inc. v. Carmen Found., Inc.*, No. 97 CIV. 5139 (WHP), 1999 WL 13257, at *3 (S.D.N.Y. Jan. 13, 1999) ("Protective orders that limit access to certain documents to counsel and experts are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information.").

Third, the ruling is supported by a balancing of the equities. The potential harm to Defendants dramatically outweighs any arguable harm to Plaintiff's case from Plaintiff himself not being able to review Mr. Cameron's unredacted notes. *See In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1988) (if "the party resisting discovery [] establish[es] that the information sought is covered by the rule and that it will be harmed by disclosure," then "the party seeking the materials [] must establish that the information is sufficiently necessary and relevant to his case to outweigh the harm of disclosure"). It defies reason to think that Plaintiff himself must view the notes when Plaintiff's experts and counsel have reviewed the previously redacted information. Their review ensures that Plaintiff is not prevented from using the information in the prosecution of his case. *See Northbrook Digital, LLC v. Vendio Servs., Inc.*, 625 F. Supp. 2d 728, 743 (D. Minn. 2008) (expert review of information sufficient where competitive harm could

---

first page of each document and stated the reason for all redactions in that document. In addition, Defendants have produced the unredacted documents. So Plaintiff's counsel knows what the formerly redacted portions contain. Finally, Plaintiff concedes in his filing that "[t]he present case is confined to *Avatar*." Objection at 13. That is precisely why Defendants redacted the documents in the first place. Plaintiff cannot sue Defendants by alleging that movies that do not yet exist somehow infringe his rights.

occur by disclosure); *Safe Flight Instrument Corp. v. Sundstrand Data Control Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988) (same).

## III.   CONCLUSION

For the reasons stated above and in their letters to Magistrate Judge Schulze, Defendants ask the Court to uphold Judge Schulze's ruling. Defendants also ask the Court to order Plaintiff to pay Defendants' costs and fees associated with opposing his requested relief, as allowed for by Federal Rule of Civil Procedure 37(a) and by the express language of Paragraph 4 of the Confidentiality Order. Plaintiff's request to set aside the ruling of Magistrate Judge Schulze is frivolous given the applicable legal standard for such review. The limited resources of the Court should not be burdened with specious matters such as this. Nor should Defendants have to incur costs in responding to this completely meritless application.

DATE:  September 24, 2013                               Respectfully submitted:

 /s/ Gregory O. Olaniran_____
Gregory O. Olaniran (bar no. 23819)                     Robert H. Rotstein (*pro hac vice*)
J. Matthew Williams (*pro hac vice*)                    Aaron M. Wais (*pro hac vice*)
Mitchell Silberberg & Knupp LLP                         Mitchell Silberberg & Knupp LLP
1818 N Street NW, 8th Floor                             11377 West Olympic Blvd.
Washington, DC 20036                                    Los Angeles, CA 90064
Email: goo@msk.com, mxw@msk.com                         Email: rxr@msk.com, amw@msk.com
Phone: 202-355-7900                                     Phone: 310-312-2000
Fax: 202-355-7899                                       Fax:  310-312-3100