# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYANT MOORE | * | |
| **Plaintiff(s)** | | |
| | * | **Case No.: 8:11-cv-03644 (RWT)** |
| vs. | | |
| | * | |
| LIGHTSTORM ENTERTAINMENT; | | |
| JAMES CAMERON; AND | * | |
| TWENTIETH CENTURY | | |
| FOX FILM CORPORATION | * | |
| **Defendant(s)** | | |

******

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE EX. 1, EX. 11, EX. 14, AND EX. 38 TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.      INTRODUCTION

As discussed in Defendants' motion to strike (the "Motion"), Plaintiff's "Statement of Disputed Facts" (Exhibit 1), Plaintiff's "Declaration" (Exhibit 11), the testimony of Frank Simeone (Exhibit 14), and the testimony of John William Templeton (Exhibit 38) are inadmissible under the Local Rules of this Court, the Federal Rules of Civil Procedure and the Federal Rules of Evidence. None of the rambling hyperbole, argument and vitriol in Plaintiff's memorandum in opposition to the Motion (the "Opposition") excuses his violations of the rules. And his discussion of the case law actually undermines his positions. The Court should grant the Motion and strike the exhibits from the record.[1]

II.     ARGUMENT

      A.     THE COURT SHOULD STRIKE THE DEPOSITION TESTIMONY OF PLAINTIFF'S EXPERTS FROM THE RECORD.

In the Motion, Defendants demonstrated that the testimony of Plaintiff's proffered experts is inadmissible because (1) they applied improper methodologies to reach the opinion that Moore's screenplays are substantially and strikingly similar to *Avatar*, (2) they merely parrot Plaintiff's lists of alleged similarities between the works, and (3) their deposition testimony exceeds the scope of their Rule 26 expert disclosures. Motion at 2-10. In response, Plaintiff argues that his experts are qualified to opine on the issues of substantial and striking similarity given their respective backgrounds in filmmaking and journalism. Opposition at 1-2. Plaintiff misses the point. Defendants did not base the Motion on the witnesses' lack of qualifications. Instead, Simeone and Templeton should be excluded because, *inter alia*, they did not apply a

---

[1] The Court should also strike Plaintiff's untimely reply memorandum in support of his motion for partial summary judgment, ECF Docket No. 170. The deadline for filing the reply was November 8, 2013. ECF Docket No. 140. Plaintiff filed the memorandum 10 days after the due date, on November 18, 2013. Plaintiff provided no explanation for the late filing. Given that this Court clearly instructed the parties on October 8, 2013 that "no additional extensions will be permitted," Plaintiff's tardiness is inexcusable.

1

methodology that is consistent with Fourth Circuit standards for determining substantial and striking similarity. For example, the witnesses did not review relevant prior art, including Cameron's prior films and screenplays, to determine whether the abstract similarities that Plaintiff claims are substantial are actually science fiction *scènes à faire* or to determine whether Plaintiff and Cameron could have relied on prior common sources for their ideas. *See Comins v. Discovery Communications, Inc.*, 200 F. Supp. 2d 512, 518 (D. Md. 2002) (listing aspects of a plaintiff's work that "the court must filter out" when analyzing substantial similarity).

As Plaintiff concedes on page 8 of his Opposition, Simeone and Templeton only reviewed Plaintiff's argumentative lists and allegations, watched *Avatar*, and read Plaintiff's screenplays. Then, they "adopted" Plaintiff's allegations verbatim. Thus, their analyses are flawed as a matter of law and should be excluded. *See Mowry v. Viacom Int'l, Inc.*, No. 03 Civ. 3090, 2005 WL 1793773, at *13 (S.D.N.Y. July 29, 2005) (excluding plaintiff's expert report on striking similarity where expert "did not test to see if any of the allegedly common schemata she found are *scènes à faire* (a term she was unfamiliar with) or common across a multitude of scripts, *i.e.*, the prior art referred to by defendants"). The case law discussion in the Opposition merely drives this point home. *See, e.g.*, Opposition at 9 ("In *Walker* [*v. Time Life Films, Inc.*, 784 F.2d 44 (2d Cir. 1986)], the problem was not a list, but rather its substantive content, since the court deemed the listed comparisons to be historical facts, common stock [elements] or *scènes à faire*.").

Plaintiff also wrongly contends that a triable issue of fact exists simply because he found two witnesses willing to endorse his allegations. Opposition at 5. "[T]he existence of dueling expert reports does not necessarily present a triable issue of fact for the jury. Numerous cases have found in favor of defendants on the issue of substantial similarity despite the existence of

5684004.1/42040-00008

expert testimony offered by plaintiffs." *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1062 (C.D. Cal. 2010). Moreover, where an expert applies an improper methodology, he cannot create a genuine dispute as to a material fact. *E.g., Muller v. Twentieth Century Fox Film Corp.*, 794 F. Supp. 2d 429, 443 (S.D.N.Y. 2011) (discounting expert testimony relying on "random similarities scattered through the works").[2] Therefore, because Simeone and Templeton fail to employ the legally required methodology for determining substantial and striking similarity, their reports are inadmissible. *See Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 806 (N.D. Ill. 2005) ("Expert opinions that are contrary to law are inadmissible.").[3]

> B. THE COURT SHOULD STRIKE PLAINTIFF'S STATEMENT OF DISPUTED FACTS AND DECLARATION FROM THE RECORD.

In opposing summary judgment, Plaintiff was unable to identify a single genuine dispute as to a material fact by pointing to admissible evidence in the record. Instead, he elected to respond to Defendants' separate statement of undisputed facts – which provides citations to

---

[2] By filing his own motion for partial summary judgment on the issues of striking similarity and fragmented literal similarity, Plaintiff has conceded that the Court should decide issues related to substantial and striking similarity as a matter of law.

[3] Plaintiff did not address in his Opposition Defendants' argument that the deposition testimony of Simeone and Templeton exceeded the scope of their expert disclosures. *See* Motion at 10-11. By ignoring the issue, Plaintiff has conceded that the testimony is beyond the scope of the Rule 26 reports. *See Wood v. Walton,* 855 F. Supp. 2d 494, 505 (D. Md. 2012) ("Because Wood did not respond to this argument, he has abandoned the negligent supervision claim."); *Ameur v. Gates,* No. 1:12-CV-823 GBL/TRJ, __ F. Supp. 2d __, 2013 WL 3120205, at *12 (E.D. Va. June 20, 2013) ("Plaintiff's failure to respond is grounds for the Court to deem these arguments conceded."); *Bartley v. Merrifield Town Ctr. Ltd. P'ship*, 580 F. Supp. 2d 495, 502 n. 3 (E.D. Va. 2008) ("The Court also notes that Plaintiffs do not rebut Merrifield's argument in their memorandum in opposition; thus, the Court finds that Plaintiffs have conceded the argument."); *Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1667285, at *8 (M.D.N.C. Apr. 23, 2010) ("[I]n a variety of different contexts, a large number of courts … have recognized the general principle that a party who fails to address an issue has conceded the issue."); *Am. Registry of Radiologic Technologists v. Bennett*, 655 F. Supp. 2d 944, 946 n. 2 (D. Mn. 2009) ("It is well established that a party concedes an issue by failing to address it in an opposing brief.").

3

specific evidence for each factual statement contained in their summary judgment motion – by filing a 197-page rant (*i.e.*, his "Statement of Disputed Facts") that relies on inadmissible hearsay, inadmissible lay opinion testimony, factual assertions unsupported by any particular evidence in the record, and legal arguments. Similarly, he filed a "Declaration" that does not set forth Plaintiff's personal knowledge regarding the relevant facts and instead provides his subjective "assessments" of the testimony contained in Cameron's own declarations regarding Cameron's independent creation of *Avatar*.[4] Plaintiff's "exhibits" are thinly disguised opposition memoranda that violate the page limits set forth in Local Rule 105-3.

Plaintiff's only argument in response is that he wanted to "aggressively dispute Defendants' assertions" without "referring to separate documents and video clips." Opposition at 15. In other words, he wanted to argue the merits of his case without referring to particular pieces of evidence that create material factual disputes, as Federal Rule of Civil Procedure 56(c) requires him to do. Neither a statement of disputed facts nor a declaration is the proper vehicle for delivering arguments that a party cannot fit into its memorandum of law.[5] Given that Plaintiff's entire case is based on opinions, conjecture and speculation, rather than admissible

---

[4] Most of Plaintiff's Declaration discusses Cameron's declaration from a separate case, *Morawski v. Lightstorm Entm't*, in California.

[5] Plaintiff claims the testimony contained in his Declaration is admissible lay opinion testimony under Federal Rule of Evidence 701. Opposition at 18-19. However, Plaintiff's own discussion of the issue undermines his contention. Plaintiff concedes that a lay witness "could testify that a substance appeared to be blood, but that a witness would have to qualify as an expert before he could testify that bruising around the eyes is indicative of skull trauma." Advisory Committee's Note to 2000 Amendment to Fed. R. Ev. 701, *citing State v. Brown*, 836 S.W.2d 530, 549 (1992). Here, Plaintiff opines that material contained in *Avatar* and his screenplays is substantially and strikingly similar. Ex. 11 at 1. In other words, Plaintiff is opining that purported similarities between the works are indicative of copying and/or access. *See Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 353-56 (4th Cir. 2001). Thus, opining that two works are substantially or strikingly similar is analogous to opining that bruising around the eyes is indicative of skull trauma; not to opining that a substance appears to be blood.

evidence, the Court should strike the exhibits and grant Defendants' motion for summary judgment.[6]

### III. CONCLUSION

For the reasons stated above, the Court should grant Defendants' Motion to Strike.

Respectfully submitted:

____/s/_____
Gregory O. Olaniran (bar no. 23819)
J. Matthew Williams (*pro hac vice*)
Mitchell Silberberg & Knupp LLP
1818 N Street NW, 8th Floor
Washington, DC 20036
Email: goo@msk.com, mxw@msk.com
Phone: 202-355-7900
Fax: 202-355-7899

Robert H. Rotstein (*pro hac vice*)
Aaron M. Wais (*pro hac vice*)
Mitchell Silberberg & Knupp LLP
11377 West Olympic Blvd.
Los Angeles, CA 90064
Email: rxr@msk.com, amw@msk.com
Phone: 310-312-2000
Fax: 310-312-3100

---

[6] Plaintiff did not respond to Defendants' arguments that he relied extensively on hearsay and documents that are not in the record. Motion at 14-16. He has thus conceded the point. *See* cases cited in note 3, *supra*.