IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRYANT MOORE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   **Civil Action No. RWT-11-3644** |
| | ) |
| LIGHTSTORM ENTERTAINMENT, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Defendants, Lightstorm Entertainment, James Cameron, and Twentieth Century Fox Film Corporation, submit before this Court their Motion to Compel ("the Motion") (ECF No. 233). Plaintiff Bryant Moore filed a response, *pro se*, in Opposition to the Motion. The Court has reviewed the parties' submissions and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court DENIES the Motion without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated a copyright action against Defendants on December 19, 2011 (ECF No. 1). On January 31, 2015, this Court granted Defendants Motion for Summary Judgment and awarded costs in favor of Defendants (ECF No. 176). On August 31, 2015, the Court ordered Plaintiff to pay taxable costs in the amount of $30,028.25 (ECF No. 218), and on September 1, 2015, the Court awarded attorney's fees in the amount of $741,785.00 and nontaxable costs in the amount of $435,735.00 (ECF No. 220). In total, the judgment against Plaintiff amounts to $1,207,548.25 in attorney's fees and costs. The Fourth Circuit affirmed the Court's judgment on March 15, 2016 (ECF No. 226).

On March 30, 2016, Defendants served fifteen written interrogatories and fifteen document requests on Plaintiff. Defs.' Mot. 2. Plaintiff's responses were due by May 2, 2016, but Plaintiff failed to respond. *Id.* at 3. Defendants' counsel then sent Plaintiff an email on May 12, 2016, informing him that Defendants intended to file a motion to compel, and also requested a meeting with Plaintiff to "confer regarding the discovery." *Id.* Plaintiff has similarly not responded to this request. *Id.* at 4.

## DISCUSSION

Rule 69(b) permits a judgment creditor to obtain discovery "[i]n aid of the judgment or execution . . . as provided in [the Federal Rules] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(b). The Maryland Rules also allow for a judgment creditor to "obtain discovery to aid enforcement of a money judgment [] by use of depositions, interrogatories, and requests for documents[.]" Md. Rules 2-633.[1] Rule 37 allows the Court to compel a party to respond to discovery requests when a party fails to respond to discovery requests. Fed. R. Civ. P. 37. The Court has broad discretion in whether to grant or deny a motion to compel. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (reviewing denial or granting of motions to compel for abuse of discretion).

### I. Defendants failed to comply with Local Rule 102.1(c).

Local Rule 102.1(c) requires for proof of service:

[A]ll court documents other than the original complaint must bear a signed certificate signed *by counsel* stating that the service required by Fed. R. Civ. P. 5(a) has been made.

(Emphasis added.)

---

[1] In his response in opposition, Plaintiff argues that Defendants are not entitled to the information they are requesting because the discovery process has already been completed. Opp'n Mot. 4. Plaintiff points to the discovery deadlines set forth in the parties' Scheduling Order and argues that because that date has passed, the window for discovery has closed. *Id.* at 5. However, Plaintiff's argument fails as it directly contradicts Rule 69 and Maryland Rule 2-633, which expressly permit post-judgment discovery for aiding in the judgment or its execution.

Defendants have included as Exhibit D, attached to the Motion, the Certificate of Service for Defendants' post-judgment discovery requests. The Certificate of Service is signed, however, by the "Assistant to" one of Defendants' counsel. Local Rule 102.1(c) expressly requires a "certificate signed by counsel" and does not provide an option for a signature from the counsel's assignee.

The purpose of Local Rule 102 is to ensure effective delivery and receipt of discovery and pleadings among the parties, and the rule intentionally holds the parties' counsel responsible for that task. With this understanding, Defendants have the opportunity to cure the deficiency in their Certificate of Service by providing evidence of Plaintiff's receipt of the discovery demands. Such evidence can be in the form of a receipt from Federal Express with a supporting affidavit or by a reference to Plaintiff's admission that he did in fact receive the discovery requests. Provided that Defendants can satisfy this requirement to comply with the spirit and purpose of Local Rule 102.1(c), the Court will GRANT IN PART a supplemental motion as explained below.

II. **Defendants' requests are discoverable.**

Defendants made a proper motion to compel discovery under Local Rule 104.8, which requires the parties to exchange their motions and responses, then discuss the dispute before filing anything with the Court. However, exempted from these procedures are "requests for production . . . where no responses at all have been served." Local Rule 104.8. Plaintiff has not responded in writing to Defendants' discovery requests. Defendants also filed a certificate reflecting their attempt to hold a discovery dispute conference, as required by Local Rule 104.7, to which Plaintiff did not respond. As such the Motion has properly been filed.

Defendants seek discovery responses for the following:

1) Information concerning Plaintiff's employment, income and tax returns (Document Requests 2 and 14; Interrogatories 1, 2, 4, and 14).
2) Information concerning Plaintiff's bank accounts (Document Requests 1 and 10; Interrogatory 5).
3) Information concerning Plaintiff's retirement accounts, stocks, and bonds (Document Requests 10 and 11; Interrogatories 10 and 11).
4) Information concerning Plaintiff's real property (Document Request 5; Interrogatory 6).
5) Information concerning Plaintiff's personal property (Document Request 6; Interrogatories 5 and 7).
6) Information concerning Plaintiff's intellectual property (Document Requests 3 and 4; Interrogatory 3).
7) Information concerning any debts owed to Plaintiff (Document Requests 8, 9, 12, 13, and 15; Interrogatories 8, 9, 12, and 13).

Defs.' Mot. 3.

**Request for Production of Documents No. 4.**

The Court anticipates GRANTING this request. Request for Production Number 4 asks Plaintiff to "[p]roduce all copies of all screenplays, film or television treatments, novels, short stories and other copyrighted works" that he owns. If the Motion is granted, Plaintiff can produce copies of the requested documents or make the originals available for inspection.

**Request for Production of Documents Nos. 12 and 15; Interrogatory No. 12.**

The Court anticipates DENYING these requests as not being relevant to the issue of the discovery of Plaintiff's assets.

The remainder of the requested documents and interrogatories, including bank account information and personal property information, are discoverable and are relevant to the issue of the discovery of Plaintiff's assets. Plaintiff has not provided any compelling arguments as to why he should not respond to Defendants' discovery requests. *See* note 1, *supra.* Furthermore, even if Plaintiff had provided any viable objections in opposition to the requests, such objections will be considered waived if proper service was made. If a party fails to timely serve objections and responses to discovery requests, the party waives any objections unless the Court finds good

4

cause to excuse the failure to respond.  Fed. R. Civ. P. 33(b)(4); *Hall v. Sullivan*, 231 F.R.D. 468, 473 (D. Md. 2005) (explaining that "the procedures under Rule 34 were intended to be governed by the same procedures applied under Rule 33," and that the procedure set out in Rule 33(b)(4), that objections not timely stated in an answer are waived, also applies to Rule 34).  Defendants' supplemental motion will therefore be granted to facilitate the execution of the prior judgment if they can provide sufficient proof of service for the discovery requests.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES without prejudice Defendants' Motion to Compel for failure to satisfy the Proof of Service requirements of Local Rule 102.1(c). Defendants have ten (10) calendar days to remedy this deficiency by providing proof of receipt by Plaintiff.

November 18, 2016

/s/
Charles B. Day
United States Magistrate Judge

CBD/xl