**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **BRYANT MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. RWT-11-3644** |
| | ) | |
| **LIGHTSTORM ENTERTAINMENT,** | ) | |
| ***et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before this Court is Plaintiff's Motion for Reconsideration of Order(s) Granting Defendants' Motion to Compel Post-Judgment Discovery and Supplemental Motion to Compel Post-Judgment Discovery ("Plaintiff's Motion") (ECF No. 243). The Court has also received the opposition and reply thereto. The Court has reviewed the parties' submissions and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court DENIES Plaintiff's Motion.

<u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

On November 18, 2016, the Court denied without prejudice Defendants' motion to compel post-judgment discovery from Plaintiff because Defendants failed to satisfy the proof of service requirement of Local Rule 102.1 ("Defendants' Motion to Compel") (ECF No. 239 and 240). However, in the same memorandum, the Court addressed the merits of Defendants' Motion to Compel and stated that once Defendants satisfied the proof of service requirement, it would grant Defendants' request. Defendants filed a supplemental motion satisfying Local Rule 102.1, and the Court granted the supplemental motion in the November 29, 2016 Memorandum

and accompanying Order (ECF No. 242), with reference to the discussion within the November 18, 2016 Memorandum.  On December 2, 2016, Plaintiff's Motion was filed.

## **DISCUSSION**

Plaintiff asks the Court to reconsider its decision to compel post-judgment discovery. Defendants identify Fed. R. Civ. P. 54(b) as the applicable rule, which allows the Court to revisit interlocutory orders *before* the issuance of a final judgment.  As there has already been a final judgment, Fed. R. Civ. P. 54(b) does not specifically govern the instant case.[1]  However, in the absence of a rule on point on the matter, the Court finds Fed. R. Civ. P. 54(b) to be an appropriate guide in reconsidering a motion to compel post-judgment discovery.

"'[M]ost courts have adhered to a fairly narrow set of grounds'" when reconsidering motions under the authority of Fed. R. Civ. P. 54(b).  *Warner v. Cellco P'ship*, No. ELH-13-3100, 2016 WL 258342, at *1 (D. Md. Jan. 20, 2016) (quoting *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014)).  Courts "will reconsider" only where: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice."  *Id.* (internal quotations omitted).

Plaintiff fails to establish any of the three conditions for reconsideration of an order.  His arguments are: (1) Plaintiff was entitled to file a response to Defendants' supplemental motion to compel before the Court ruled on the supplemental motion; and (2) Defendants did not file for leave to serve additional discovery request to Plaintiff.

First, the Court's November 18, 2016 Memorandum Opinion (ECF No. 239) resolved the legal issues in Defendants' Motion to Compel in Defendants' favor.  Defendants' Motion to

---

[1] Because Plaintiff is not requesting relief from judgment, his request is not governed by Fed. R. Civ. P. 60(b), which allows the Court to reconsider or set aside a final judgment.

Compel was filed nearly six months before the Court ruled upon it.  Plaintiff's opposition to

Defendants' Motion to Compel was considered and rejected.  The subsequent supplemental

motion was filed to address Defendants' deficiency in satisfying the proof of service requirement

of Local Rule 102.1(c), and no issues or points of dispute remained.  Thus, even if Plaintiff had

filed an opposition to Defendants' supplemental motion, such an opposition would have been

limited to addressing Defendants' compliance with Local Rule 102.1, which the Court

determined was met.  Plaintiff's Motion does not suggest any substantive deficiencies, but rather

argues only that Plaintiff "should have until December 6, 2016 to respond by filing his

Opposition to the Supplemental Motion" (ECF No. 243, p. 2).  Plaintiff fails to show how he

may have been prejudiced by the Court's decision.  As such, the Court will not grant Plaintiff's

Motion in the absence of any inkling of "additional evidence that was not previously available"

or a showing that "the prior decision was based on clear error or would work manifest injustice."

*Warner*, 2016 WL 258342, at *1.

　　　Second, Defendants were not required to file for leave from the Court to serve additional

discovery requests.  By repeatedly referencing the "closed" discovery deadline, Plaintiff appears

to conflate the requirements for initial discovery and post-judgment discovery.  As the Court

explained in the November 18, 2016 Memorandum (ECF No. 239), Rule 69(b) permits a

judgment creditor to obtain discovery "[i]n aid of the judgment or execution . . .".  Fed. R. Civ.

69(b).  This discovery matter is entirely separate from the initial discovery that the parties

engaged in at the beginning of the suit, and therefore the discovery schedule and deadlines issued

by the Court at that time are not relevant in post-judgment discovery.  Thus, it was not necessary

for Defendants to file for leave to serve additional discovery requests upon Plaintiff.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion.


January 18, 2017

_____/s/_____
Charles B. Day
United States Magistrate Judge

CBD/xl